PROB 12C
(Rev. 2011)

# United States District Court
for
## Middle District of Tennessee
## Supplemental Petition for Warrant or Summons
## for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. 48]

Name of Offender: Nathan Lamont Pierce, Jr.     Case Number: 3:09-00124-01

Name of Sentencing Judicial Officer: Honorable Todd J. Campbell, U.S. District Judge

Date of Original Sentence: May 12, 2011

Original Offense: 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm.

Original Sentence: 36 months' imprisonment followed by 2 years' supervised release.

Type of Supervision: Supervised Release     Date Supervision Commenced: September 19, 2013

Assistant U.S. Attorney: Scarlett Singleton     Defense Attorney: Caryll S. Alpert

## PETITIONING THE COURT
- ☐ To issue a Summons.
- ☐ To issue a Warrant.
- ☒ To consider additional violations/information

**THE COURT ORDERS:**
- ☐ No Action
- ☐ The Issuance of a Warrant:
    - ☐ Sealed Pending Warrant Execution
        (cc: U.S. Probation and U.S. Marshal only)
- ☐ The Issuance of a Summons.
- ☒ Other Consider additional violations alleged

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

Considered this 3 day of Oct, 2014, and made a part of the records in the above case.

/s/ Lisa A. Capps
Lisa A. Capps
Sr. U.S. Probation Officer

Place   Columbia, TN

/s/ Todd Campbell
Honorable Todd J. Campbell
U. S. District Judge

Date    October 2, 2014

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 48, has been amended as follows:

**Violation No. 2 has been amended detailing Mr. Pierce's positive urine screen from September 15, 2014. Violation No. 4 has been added detailing two citations issued to the offender on September 13, 2014.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| <u>1.</u> | **<u>Shall not commit another federal, state, or local crime:</u>** |

On May 15, 2014, Nathan Lamont Pierce, Jr., was arrested for Aggravated Assault (Serious Bodily Injury or Weapon), Class D felonies, by the Metropolitan Police Department, Nashville, Tennessee, in violation of 39-13-102, Tennessee Code Annotated. According to the Affidavit, Mr. Pierce was involved in a domestic altercation with the mother of his three month old child. Mr. Pierce threw items belonging to the victim and her child out the car, at which time the victim ran in the Walgreen's store and started yelling for help. Mr. Pierce went in after the victim who then ran back outside. The victim was in the parking lot and Mr. Pierce got in the car and backed the vehicle in a quick fashion toward where the victim was standing with the child in her arms. A witness advised that the victim had to jump out of the way to avoid being hit. She then attempted to run, but Mr. Pierce put the car in drive and started driving in her direction. The victim had to get on the sidewalk to avoid being hit. Mr. Pierce appeared in Davidson County General Sessions Court, Nashville, Tennessee, (Warrant Numbers GS677802 and GS677804) on May 27, 2014 and the cases were retired.

On May 15, 2014, the victim contacted this officer to discuss Mr. Pierce's arrest on the above charges. She advised this officer that she is the mother of Mr. Pierce's three month old son. She stated they got into an argument in the Walgreen's parking lot and she went into the store to call the police. She advised that she did not want to press charges against him as she needs his help raising their son. However, the police charged him and took him into custody. She plans to attend his court hearing and tell the court that she does not want to press charges.

<u>2.</u>  **<u>The defendant shall refrain from any unlawful use of a controlled substance:</u>**

| | |
|---|---|
| March 10, 2014 | Positive for Marijuana (Admitted) |
| April 10, 2014 | Positive for Marijuana (Denied) |
| May 8, 2014 | Positive for Marijuana and Oxymorphone (Denied) |
| June 4, 2014 | Positive for Marijuana (Denied) |
| July 16, 2014 | Positive for Cocaine (Denied) |
| July 21, 2014 | Positive for Cocaine (Denied) |
| August 29, 2014 | Positive for Cocaine and Marijuana (Admitted) |
| **September 15, 2014** | **Positive for Cocaine (Denied)** |

3. **The defendant shall not leave the judicial district without the permission of the Court or probation officer.**

On September 2, 2014, this officer received information that Mr. Pierce had contact with law enforcement in Georgia. This officer sent a text message to Mr. Pierce inquiring whether he had any police contact and he admitted that he had traveled to Georgia over the weekend of August 31, 2014, and had been issued a speeding citation by the Georgia Highway Patrol. When asked why he did not ask permission to leave the district, Mr. Pierce indicated that it was unplanned and "out of the blue on the weekend." This officer advised Mr. Pierce that I can be reached via telephone 24/7. He was reprimanded and told not to leave the district again without asking permission of the probation officer.

4. **Shall not commit another federal, state, or local crime:**

On September 13, 2014, Nathan Lamont Pierce, Jr., was issued a citation by the Metropolitan Police Department, Nashville, Tennessee, for Assault - Offensive or Provocative Contact (SCE158297), a Class B misdemeanor, in violation of 39-13-101(a)(3), Tennessee Code Annotated; and for Vandalism - $500 or Less (SCE158299), a Class A misdemeanor, in violation of 39-14-408. Mr. Pierce has a booking date of October 7, 2014.

According to Mr. Pierce, he was issued the citations over an argument that was blown out of proportion by an employee at a local restaurant whom Mr. Pierce believes was attempting to get him arrested.

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Pierce has been on supervision since September 19, 2013.

On February 19, 2014, Mr. Pierce was referred to Centerstone, Nashville, Tennessee, for a substance abuse intake assessment to determine whether he was in need of drug treatment. The intake assessment was completed on February 28, 2014, but not received in the probation office until March 19, 2014. It was recommended the offender participate in Phase 1 of the Low Intensity Outpatient Program, which requires weekly group counseling. He began group counseling on April 23, 2014. This officer spoke with Mr. Pierce's counselor at Centerstone on September 10, 2014, and according to her, Mr. Pierce does not appear to be committed to treatment and significant change.

Your Honor has been notified on three prior occasions through violation petitions that Mr. Pierce has submitted urine screens that were positive for illicit substances.

On July 9, 2014, a 12C petition was submitted notifying the Court of Mr. Pierce's arrest for DUI (next court date is scheduled for October 7, 2014). Your Honor signed said petition on July 10, 2014, and no action was taken, allowing Mr. Pierce to continue in substance abuse counseling at Centerstone.

**Update of Offender Characteristics:**

Mr. Pierce is a resident of Davidson County, Tennessee, and has been under the federal supervision of the U.S. Probation Office since September 19, 2013. He is employed at Hooters, Nashville, Tennessee, and lives with his mother in Nashville, Tennessee. The probation officer completes frequent unannounced home visits at the offender's residence. Mr. Pierce is enrolled in Phase 6 of the U.S. Probation drug testing program which requires at least two random drug screens on a monthly basis.

## U.S. Probation Officer Recommendation:

It is respectfully requested that the additional violations and/or information be considered at the revocation hearing which has been scheduled for October 9, 2014. The U.S. Attorney's Office is agreeable with this recommendation.

Approved: *[signature]*
Jim Perdue
Deputy Chief U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. NATHAN LAMONT PIERCE, JR., CASE NO. 3:09-00124-01

**GRADE OF VIOLATION:** A
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003   PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C felony) *18 U.S.C. § 3583(e)(3)* | 33-41 months U.S.S.G. § 7B1.4(a) | none |
| SUPERVISED RELEASE: | Not more than 3 years *18 U.S.C. § 3583(h)* | 3 years less any **term of imprisonment** U.S.S.G.§ 5D1.2(a)(2) | none |

<u>Statutory Provisions:</u> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h). Upon revocation of supervised release, the defendant faces imprisonment of up to five years, pursuant to 18 U.S.C. §3583(e)(3).

<u>Guideline Policy Statements:</u> Upon a finding of a Grade A violation, the Court shall revoke probation or supervised release.

Respectfully Submitted,

Lisa A. Capps
Sr. U.S. Probation Officer

Approved: Jim Perdue
Deputy Chief U.S. Probation Officer